

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| CEDRIC FARLEY,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN, *FCI Bennettsville*,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§　Civil Action No. 1:20-01387-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, DISMISSING PETITIONER'S 2241 PETITION WITHOUT PREJUDICE, AND DISMISSING AS MOOT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner Cedric Farley (Farley), proceeding pro se, filed this petition asserting a habeas corpus claim under 28 U.S.C. § 2241. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Farley's Section 2241 petition be dismissed without prejudice for lack of subject matter jurisdiction and Respondent Warden, FCI Bennettsville's (Warden) motion for summary judgment be dismissed as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 30, 2020. Farley filed his Objections to the Report (Objections) on November 30, 2020. The Court has reviewed the Objections and holds them to be without merit. It will therefore enter judgment accordingly.

Farley, on March 3, 2011, pleaded guilty in the Middle District of Florida to possession with intent to distribute and distribution of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) (Count One), and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count Two).

The information charging Farley outlined his prior seven convictions and noted they were for crimes punishable by a term of imprisonment exceeding one year. At Farley's plea hearing, he acknowledged "that at the time [of the underlying criminal activity] he knowingly possessed the firearms charged in the information and he was a convicted felon whose right to possess a firearm had not been restored." Report at 4.

The United States District Court for the Middle District of Florida, on June 29, 2011, sentenced Farley to 262 months of imprisonment as to both counts, to be served concurrently. On October 7, 2013, Farley filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court dismissed his Section 2255 motion as time barred. Farley subsequently filed a second Section 2255 motion, and the district court dismissed it as an unauthorized, successive Section 2255 motion.

Farley then sought leave from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 motion. The Eleventh Circuit granted Farley's request, and he then filed a second Section 2255 motion to vacate his sentence. The district court denied Farley's second

Section 2255 motion, and on April 13, 2020, he filed the instant Section 2241 petition challenging his sentence in light of the Supreme Court decision *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

In *Rehaif*, the Supreme Court held "in a prosecution under 18 U.S.C. 922(g) and § 924(a)(2), the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

In Farley's Section 2241 petition pending before this Court, he posits his conviction is unlawful in light of the *Rehaif* decision, arguing the government failed to charge or prove he knew he belonged to the relevant category of persons barred from possessing a firearm.

The Magistrate Judge, in her Report, noted 28 U.S.C. § 2255's savings clause sometimes allows for a district court to hear a Section 2241 petition challenging the validity of a prisoner's conviction or sentence in lieu of filing a Section 2255 motion when the Section 2255 motion "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  And, the Magistrate Judge discussed a petitioner such as Farley may demonstrate a Section 2255 motion is inadequate or ineffective to test the legality of one's detention by establishing the following:

> (1) at the time of conviction, settled law of th[e] circuit [of conviction] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

The Magistrate Judge, after reviewing the substantive law of the circuit of Farley's conviction, *see Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, however, we look to the substantive law of the circuit where a

3

defendant was convicted"), determined him unable to meet the second prong of the *In re Jones* test.  Because Farley's inability to meet all the *In re Jones* factors is a jurisdictional defect that may not be waived, *see United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018) ("Because the savings clause requirements are jurisdictional, we must reject Appellant's waiver argument"), the Magistrate Judge recommended the Court dismiss Farley's Section 2241 petition for lack of subject matter jurisdiction.

The Court, liberally construing Farley's Objections, identifies four Objections.

As to the first, Farley objects to the Magistrate Judge's reliance on the substantive law of the Eleventh Circuit when analyzing whether he meets all the prongs of the *In re Jones* test.

The Magistrate Judge, in her Report, noted because Farley "was convicted in the Middle District of Florida, [she had] considered the substantive law of the Eleventh Circuit."  Report at 9.

When evaluating a petitioner's substantive claims under Section 2255's savings clause, the Court must look to the substantive law of the circuit where he was convicted.  *See Hahn*, 931 F.3d at 301 ("In evaluating substantive claims under the savings clause, however, we look to the substantive law of the circuit where a defendant was convicted.").  Farley, in his Objection, fails to counter the Fourth Circuit's holding in *Hahn*.  Consequently, the Court will overrule this Objection.

Next, Farley objects "to the Report's assertion that he cannot meet the second prong on the [*In re*] *Jones* test" because *Rehaif* rendered his conduct not criminal.  Obj. at 5.

The Magistrate Judge determined, in light of Eleventh Circuit precedent, Farley failed to meet the second prong of the *In re Jones* test and recommended the Court dismiss his petition for lack of subject matter jurisdiction.

4

Although the Eleventh Circuit has failed to directly address, in the context of a Section 2241 petition, whether *Rehaif* changed the substantive law such that the conduct of which a prisoner was convicted was deemed not to be criminal, decisions from the Eleventh Circuit interpret *Rehaif* as clarifying what the government needs to prove to secure a conviction under 18 U.S.C. § 922(g).  *See United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020) ("In *Rehaif*, the Supreme Court held that 18 U.S.C. § 922(g), when read in conjunction with § 924(a)(2), requires . . . [a defendant] know that he is a felon."  Thus, under Eleventh Circuit precedent interpreting *Rehaif*, proof of a defendant's knowledge of his prohibited status automatically demonstrates "he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

Here, Farley's acknowledgment at his plea hearing he was a convicted felon whose right to possess a firearm had not been restored proves fatal to his meeting Section 2255's savings clause under *In re Jones*.  Consequently, Farley is not entitled to pass through Section 2255's savings clause and have his Section 2241 petition reviewed on the merits.  Farley's failure to meet the second prong of the *In re Jones* test is a jurisdictional defect that may not be waived, and the Court must dismiss the petition for lack of subject matter jurisdiction.  Thus, the Court will overrule this Objection.

Turning to Farley's third Objection, and notwithstanding the outcome dispositive determination Farley fails to meet the second prong of the *In re Jones* test, he objects to the Magistrate Judge's determination *Rehaif* failed to have a substantial or injurious effect on the outcome of the proceedings against him.  In particular, Farley objects to the Magistrate Judge's statement "Under Eleventh Circuit precedent, the government must only establish a defendant

knew of his prohibited status, not [that] a defendant knew that he was specifically prohibited from possessing a firearm."  Report at 13.

The analysis of this Objection is the same as the previous one.  As noted above, under Eleventh Circuit precedent, *Rehaif* requires the government prove only a criminal defendant knew of his prohibited status, not that he knew he was specifically prohibited from possessing a firearm.  Here, the government's failure to prove Farley knew he should not possess a firearm, when the record established Farley knew he was a felon, fails to affect his substantial rights.  *See United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) ("Because the record establishes that Reed knew he was a felon, he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial.").  Hence, the Court will also overrule this Objection.

As to Farley's fourth Objection, he argues the government prosecuted its case on a defective indictment, in violation of his Fifth and Sixth Amendment rights.  In support of his position, Farley references a Fourth Circuit case, *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020), *reh' en banc granted* Nov. 12, 2020, that held the government's failure to include the knowledge-of-status element in the indictment violated the defendant's substantial rights.

The Magistrate Judge, in her Report, opined Fourth Circuit "cases are not applicable here because this [C]ourt is required to apply the substantive law from the Eleventh Circuit."  Report at 15.

Here, as discussed in the previous two Objections above, under Eleventh Circuit precedent, the government's failure to prove Farley knew he should not possess a firearm, when the record established Farley knew he was a felon, fails to affect his substantial rights.  *See Reed*, 941 F.3d at 1022 ("Because the record establishes that Reed knew he was a felon, he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial.").

6

Farley's failure to counter the Magistrate Judge's sound legal reasoning as to the inapplicability of Fourth Circuit caselaw proves fatal his Objection. Accordingly, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Farley's Objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Farley's Section 2241 petition is **DISMISSED WITHOUT PREJUDICE**, and the Warden's motion for summary judgment is **DISMISSED AS MOOT**. Also, Farley's November 11, 2020, motion for an extension of time to file Objections to the Report is **DEEMED AS MOOT** in light of his mailing Objections to the Court on November 25, 2020.

To the extent Farley requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of February 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.